APPEAL OF EDWIN C. BRANDENBURG, AS EXECUTOR OF THE ESTATE OF GEORGE M. OYSTER, JR.

Docket No. 7390. Submitted May 5, 1926. Decided June 17, 1926.

1. Expenses of exhibiting horses at state fairs, such horses being used to advertise the business of the taxpayer, *held* to be proper deductions from income.

2. Bonuses paid to business employees *held* to be proper deductions from income.

*E. C. Brandenburg, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the Commissioner.

Before PHILLIPS.

Taxpayer appeals from the determination of a deficiency of $2,919.27, income tax for 1920.

FINDINGS OF FACT.

George M. Oyster, Jr., departed this life on the 21st day of April, 1921, leaving a last will and testament under and pursuant to which

the petitioner duly qualified as executor in the Probate Court of the District of Columbia.

Prior to his death, and during the year 1920, George M. Oyster, Jr., was engaged in the dairy business in the District of Columbia under the name of Chestnut Farms Dairy. In connection with the dairy, decedent also operated a farm at Walkersville, Maryland, which was used for breeding pure-bred Percherons and as a place for resting the horses used on trucks and delivery wagons. Thoroughbred colts bred on the farm were sold throughout the country.

During 1920 decedent exhibited pure-bred Percherons and draft horses at horse shows and state fairs at Chicago and Springfield, Illinois, Des Moines, Iowa, and Syracuse, New York. The expenses of such exhibitions amounted to $11,342.03 and the premiums won amounted to $3,653.95. Decedent included such premiums as income and deducted such expenses in computing the income of his business. The Commissioner excluded both items in computing the deficiency.

The horses on exhibition were driven in a four-horse or six-horse hitch attached to wagons on which appeared the words " Chestnut Farms Dairy, Washington, D. C." The prize-winning teams were used in Washington for both work and exhibition purposes, advertising the dairy and securing for it considerable publicity in the newspapers and otherwise. The winnings of the dairy exhibits were also advertised in the local papers.

At Christmas the decedent distributed $910 among the employees of his business, in small amounts, as additional compensation, in accordance with a custom inaugurated by him in 1913. In computing net income the Commissioner refused to allow such payments as deductions.

> *The income of the decedent for 1920, as determined by the Commissioner, should be reduced by $8,598.08. Order of redetermination will be entered on 10 days' notice, under Rule 50.*